the promissory note and defaulted in payment (*see Alard, L.L.C. v Weiss*, 1 AD3d 131 [2003]), defendants' evidence was insufficient to raise a triable issue of fact concerning any of the payments they claim should be credited against the note. Concur—Tom, J.P., Nardelli, Renwick, Freedman and Roman, JJ.

In the Matter of LOVENIA V., a Person Alleged to be a Juvenile Delinquent, Appellant. [888 NYS2d 884]—

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence. Appellant's conduct in chest-butting her teacher, swinging at him hard enough to cause a scratch, and then continuing to kick and lash out for several minutes supported an inference that she intended to cause physical injury (*see e.g. Matter of Jose B.*, 47 AD3d 461 [2008]), especially since relatively minor injuries causing moderate, but "more than slight or trivial pain" may constitute physical injury (*People v Chiddick*, 8 NY3d 445, 447 [2007]; *see also People v Guidice*, 83 NY2d 630, 636 [1994]). The evidence also supported the finding as to second-degree menacing, in that appellant placed the victim in reasonable fear of physical injury (*see Matter of Tjay T.*, 34 AD3d 1060, 1061 [2006]) by threatening him with an umbrella, which, under the circumstances, was a dangerous instrument (*see People v Dones*, 279 AD2d 366 [2001], *lv denied* 96 NY2d 799 [2001]).

The charge of attempted third-degree assault should have been dismissed as a lesser included offense of attempted second-degree assault. Concur—Tom, J.P., Nardelli, Renwick, Freedman and Roman, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE WILSON, Appellant. [890 NYS2d 887]

Concur—Tom, J.P., Nardelli, Renwick, Freedman and Roman, JJ.

JFK HOLDING COMPANY, LLC, et al., Respondents, v CITY OF NEW YORK et al., Appellants. [891 NYS2d 32]—

Although, on a motion to dismiss pursuant to CPLR 3211, the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez,* 84 NY2d 83, 87-88 [1994]), "[i]t is well settled that bare legal conclusions and factual claims, which are either inherently incredible or flatly contradicted by documentary evidence . . . are not presumed to be true on a motion to dismiss for legal insufficiency . . . and that when the moving party offers matter extrinsic to the pleadings, the court need not assume the truthfulness of the pleaded allegations, but rather is required to determine whether the opposing party actually has a cause of action or defense, not whether he has properly stated one" (*O'Donnell, Fox & Gartner v R-2000 Corp.,* 198 AD2d 154, 154 [1993]).

Here, plaintiffs leased to the Salvation Army certain premises to be used as a homeless shelter. The lease provided that it was entered into solely to fulfill the obligations of the Salvation Army to defendant Department of Homeless Services (DHS) under a separate services agreement and further permitted termination in the event the City terminated the services agreement upon payment of a termination fee and restoration of the premises to the same condition in which it was let. There is no